UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY WASHINGTON,  Case No. 1:13-cv-278

    Plaintiff,  Barrett, J.
                                                                      Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

**I.    Background**

On April 26, 2013, Plaintiff, through counsel, initiated this lawsuit, seeking to appeal the Commissioner's adverse disability decision.  On July 30, 2013, concurrent with the filing of the administrative record, the parties filed a stipulation agreeing to remand for further review by the Commissioner.  That motion was granted and judgment was entered on August 29, 2013.  (Doc. 10, 11). On November 11, 2013, Plaintiff filed a motion seeking an award of $995.00 in attorney's fees and costs pursuant to the Equal Access for Justice Act, 28 U.S.C. §2412 *et seq.*  (Doc. 12).

**II.    Analysis**

Defendant elected not to file any response and the undersigned has carefully reviewed Plaintiff's fee petition under the Equal Access for Justice Act.  Pursuant to that statute, it appears that Plaintiff is a prevailing party entitled to an award of her fees and expenses.  28 U.S.C. §2412(d)(1)(A).  The court does not find that the position of the United States was substantially justified, or that other circumstances would make an award unjust.  *See id.*  The motion appears to have been timely filed, within thirty (30)

days after the judgment of this Court became final and non-appealable, and the number of hours expended (3.5) is reasonable. In order to determine the total award then, the Court must therefore determine the hourly rate to be used as a multiplier.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). A plaintiff must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Sixth Circuit has noted the Congressional choice not to apply cost of living increases in reenacting the EAJA, holding that "the statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of HHS*, 781 F.2d 545, 547 (6th Cir. 1986).

In this case, Plaintiff seeks compensation at the hourly rate of $170.00 per hour. In support of this higher rate, counsel has submitted her own affidavit, evidence of the Consumer Price Index, evidence of similar awards in this district, articles evidencing average billing rates in Cincinnati, Ohio, and other regional and nationwide surveys of billing rates. None of the referenced surveys provide strong evidence of the prevailing hourly rates for social security cases, which traditionally are compensated at lower rates than other civil cases. Nevertheless, in light of the reasonableness of the rate sought and the fact that the fee petition is uncontested, the undersigned finds the evidence

submitted to be adequate to support the higher rate of $170.00 per hour.[1] Multiplying that rate times the number of hours (3.5) yields a fee of $595.00. In addition to her attorney's fees, Plaintiff seeks reimbursement of her costs, specified as $400.00 required to file the complaint. However, the record reflects that the filing fee paid to the Court was $350.00. (Doc. 1). Thus, the total award to be made under the EAJA is $945.00.

Having determined that Plaintiff is entitled to a fee award of $945.00, the only remaining issue is to identify the party to whom that award should be made. In general, the fee award belongs to the plaintiff and not to counsel. For that reason, the United States is entitled to an offset in the event that a claimant owes a debt to the United States. *See generally Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). However, it is common for a claimant to execute an assignment of any fee award to his or her attorney. In this case Plaintiff has not indicated whether or not an assignment agreement was executed, and this Court is without information concerning whether Plaintiff owes a debt to the United States.

To the extent that such information might be submitted following entry of this Report and Recommendation, the undersigned notes her agreement with the growing consensus of courts within the Sixth Circuit that "[u]nder *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Oliver v. Com'r of Soc. Sec.*, 916 F.Supp.2d 834 (S. D. Ohio 2013)(collecting cases and

---

[1] Plaintiff should take note, however, that the Court has previously rejected motions seeking rates in excess of $125 per hour where counsel failed to submit additional particularized evidence, such as "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *Scales v. Astrue*, No. 1:10-cv-267, Doc. 36, R&R adopted at 2013 WL 2423995 at *5 (S.D. Ohio, June 3, 2013)(adopted by Dlott, J., quoting *Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012)).

quoting *Cornell v. Com'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 6115, at *6-7 (S.D. Ohio May 2, 2012)); *accord Crim v. Com'r of Soc. Sec.,* 2013 WL 3367337 (Dlott, J., adopting same approach over Objections); *see also Cox v. Astrue*, 927 F. Supp.2d 659 (E.D. Ky.2013)(holding that under *Astrue v. Ratliff*, fees should be paid to litigants regardless of whether the Commissioner shows that the plaintiff owes a federal debt or not).

The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it. Although language in prior R&Rs has suggested that the United States "may" pay the fee directly to counsel once it confirms that no debt is owed, even that language exceeds the scope of the dispute before this Court and may improperly suggest an opinion about an unconsidered issue. *See e.g. Cox,* 917 F. Supp.2d at 662 (suggesting that "any assignment of an EAJA award that predates the actual award of fees is void" under the Anti-Assignment Act, additional citations omitted).

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for attorney fees (Doc. 12) be **GRANTED** and that Plaintiff be awarded fees and expenses in the amount of $945.00.

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY WASHINGTON,            Case No. 1:13-cv-278

    Plaintiff,                         Barrett, J.
                                       Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).